UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. HENRY,<br><br>　　　　Defendant. | No. 2:19-cv-2304 KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

　　　　Plaintiff is a state prisoner, proceeding without counsel. By separate order, the undersigned found that plaintiff states a potentially cognizable Eighth Amendment claim against defendant Henry based on his alleged use of excessive force on July 24, 2019. In his complaint, plaintiff also asserts a violation of his Fourteenth Amendment rights based on the same claim of excessive force. It appears plaintiff seeks relief for the same conduct under both the Eighth and Fourteenth Amendments.

　　　　The United States Supreme Court has determined in this context that the Due Process Clause serves no purpose as an alternative basis for relief. "We think the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified." <u>Whitley v. Albers</u>, 475 U.S. 312, 327 (1986) (holding that "the Due Process Clause affords

[prison inmates] no greater protection than does the Cruel and Unusual Punishment Clause"); see Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) ("[W]e hold that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"). Therefore, Eighth Amendment jurisprudence provides plaintiff the appropriate and exclusive standards for resolving the use of force claim. Accordingly, plaintiff's Fourteenth Amendment claim against defendant Henry should be dismissed. Plaintiff's excessive force claim will proceed against defendant Henry solely under the Eighth Amendment.

Because plaintiff cannot present his Eighth Amendment excessive force claim as a due process violation under the Fourteenth Amendment, Whitley, 475 U.S. at 327, plaintiff cannot amend his pleading to state a cognizable Fourteenth Amendment claim against defendant Henry. Thus, plaintiff's Fourteenth Amendment claim should be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS RECOMMENDED that plaintiff's Fourteenth Amendment claim be dismissed with prejudice. This action proceeds solely on plaintiff's Eighth Amendment claim against defendant Henry.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 17, 2019

brow2304.56

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE